UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                              Plaintiff,

                                                                              DECISION AND ORDER

                                                                              08-CR-6270L
                                                                              12-CV-6076L

              v.

TRYN PARKER,

                                             Defendant.
_____

       Defendant, Tryn Parker ("Parker"), was indicted for conspiracy to commit bank fraud in a seven-count indictment. On February 17, 2010, Parker pleaded guilty to Count 1, conspiracy to commit bank fraud, pursuant to a written plea agreement. Such a plea subjected Parker to a maximum term of thirty years imprisonment. Thereafter, the Court sentenced Parker principally to a thirty-month term of imprisonment on August 25, 2010. This sentence was a nine-month upward departure from the United States Sentencing Guidelines of fifteen to twenty-one months. At the time of the sentencing, the Court gave its reasons for the upward departure.

       Parker appealed that sentence on the grounds that it was procedurally and substantively unreasonable, but the Second Circuit Court of Appeals affirmed the decision and sentence in all respects in a summary order entered October 25, 2011 (Mandate attached as Exhibit 4 to Government's response (Dkt. #97) to Parker's motion pursuant to 28 U.S.C. § 2255).

       Thereafter, Parker filed, *pro se,* the instant motion (Dkt. #92) to vacate or set aside the conviction pursuant to 28 U.S.C. § 2255. The Government has responded to the petition (Dkt. #97). I am familiar with this case, including Parker's plea and sentencing, and have reviewed Parker's

present petition and the Government's response and find that there is no basis to grant Parker's petition and, therefore, the petition is in all respects denied.

Parker raises several claims but none have merit. First of all, the plea agreement signed by Parker contained a specific provision barring the right to appeal or collaterally attack the plea and sentence. That is precisely what Parker now seeks to do, that is, collaterally attack the sentence and judgment. The bar to prosecuting a collateral attack should be upheld and Parker's petition dismissed on that basis alone. The Government cites many cases in its response and all of them support the principle that such waivers should be upheld absent extraordinary circumstances.

The transcript of the plea proceeding (attached to the Government's response (Dkt. #97) as Exhibit 2) demonstrates a full compliance with Rule 11, Federal Rules of Criminal Procedure. The Rule 11 colloquy with Parker was detailed and thorough and a transcript of court proceedings on the day of the plea demonstrates clearly that the plea was knowing and voluntary and that there were ample facts to support the plea.

Parker now claims that there was no authority for a postal inspector to apply for and obtain an arrest warrant for him. Such a claim is totally without merit and, in any event, a federal grand jury indicted Parker and it was that charge that Parker pleaded to.

Parker also claims that his rights to a speedy trial were violated. As the Government points out, both the claim relating to the postal inspector and this now claim of a violation of speedy trial, is raised for the first time in this § 2255 proceeding. Parker did file a direct appeal from his conviction and the only issue raised was a challenge to the sentence.

Parker may not use this collateral proceeding to raise issues that could have, and should have, been raised on direct appeal. Having failed to raise those claims on direct appeal, Parker procedurally defaulted those claims unless there is just cause for the failure to raise the claims earlier. Parker has failed to demonstrate any cause whatsoever for not raising the issues on direct appeal and, therefore, those claims should be dismissed procedurally as well as on the merits.

Likewise, I find Parker's claim of ineffective assistance of counsel to be without merit. Such claims are reviewed under the Supreme Court standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). The Supreme Court established a two-part test. Parker must demonstrate that counsel's performance was deficient and that the performance was prejudicial to his case.

In the context of a guilty plea, a defendant must demonstrate that counsel's deficient performance undermines the voluntary and intelligent nature of the defendant's decision to plead guilty. As mentioned above, a careful review of the plea agreement and the transcript of the plea proceeding demonstrates clearly that Parker pleaded guilty knowingly and voluntarily. Except for vague and general conclusory statements, Parker makes no legitimate claim here that his plea was not knowing and voluntary. One who pleads guilty by nature waives and gives up any rights that may have existed concerning a trial on the merits.

There is a presumption that counsel's performance fell within the range of permissible professional assistance and claims raised after sentencing, especially a sentence not to a defendant's liking, should not form a basis for challenging counsel's performance. This is especially true since Parker, at the time of the plea, advised the Court, on the record, that he was satisfied with the help and advice that his counsel had given him.

Parker also failed to demonstrate any prejudice from counsel's performance. There was a plea agreement and the Guidelines, with Parker's substantial criminal history was fifteen to twenty-one months. The Court did make a nine-month upward adjustment and imposed a thirty month sentence which has been affirmed as a reasonable sentence by the Second Circuit Court of Appeals.

CONCLUSION

I find the petition seeking relief under 28 U.S.C. § 2255 to lack merit, and I deny the petition and dismiss the case.

Furthermore, I decline to issue a certificate of appealability because Parker has failed to make a substantial showing of any constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      September 10, 2012.